UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   13-cv-1335

PAUL FANN and
LENORE FANN,

Plaintiffs,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY

Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiffs, Paul Fann and Lenore Fann, by and through their attorney of record, Timothy L. Nemechek, Esq., of Nemechek Law Group, LLC, and for their Complaint and Jury Demand, state as follows:

### I.  JURISDICTION

1. Jurisdiction over Plaintiffs Paul and Lenore Fann's federal claims is invoked pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties.

2. The amount in controversy exceeds $75,000.00.

### II.  PARTIES AND VENUE

3. Plaintiffs Paul and Lenore Fann are individuals currently residing in Arapahoe County, Colorado.

4. Upon information and belief, Defendant Hartford Underwriters Insurance Company (hereinafter "Hartford") is a Connecticut corporation licensed to do business in the State of Colorado.

5. Plaintiffs Paul and Lenore Fann were insured under an automobile insurance policy issued by Defendant Hartford which was in effect at the time of the subject accident.

6. Plaintiffs were involved in a motor vehicle accident on May 22, 2010 in Douglas County, Colorado and made a timely report of this accident to Defendant Hartford.

7. Upon information and belief, Defendant Hartford was responsible for adjusting Plaintiffs' claims pursuant to the uninsured/underinsured motorist coverage provided for in the policy.

8. Defendant Hartford was responsible for paying medical expenses under the medical payments portion of the policy.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391.

### III.  FACTS AND ALLEGATIONS

10. Plaintiffs Paul and Lenore Fann paid insurance premiums to Defendant Hartford which issued an automobile liability policy, including uninsured/underinsured motorist coverage.

11. Defendant issued a policy of insurance to Plaintiffs which was in force on May 22, 2010.

12. On or about May 22, 2010, Plaintiff Paul Fann was driving a 2008 Dodge Ram 1500 and was parked in the parking lot for Kohl's in Parker, Colorado.

13. Plaintiff Lenore Fann was seated in the front passenger seat at the time of the accident.

13. On or about May 22, 2010, Elizabeth Valdez who is not a party to this action, was driving a 1997 Toyota passenger van when her vehicle collided with Plaintiffs' car.

14. Ms. Valdez backed into the rear of the Fanns' vehicle.

15. Ms. Visalli was solely at fault for the accident as she failed to exercise reasonable care in the operation of her vehicle.

16. Plaintiff Paul Fann had no degree of comparative negligence, nor was he a cause of the subject accident.

17. Plaintiffs were injured as a result of the collision.

18. Plaintiff Paul Fann suffered injuries to his neck, back and knee as a result of the collision.

19. Plaintiff Lenore Fann suffered injuries to her shoulder and neck as a result of the accident.

20. Defendant Hartford was given timely notice of the accident and told Plaintiffs were pursing an underinsured motorists claim.

21. Defendant Hartford paid $5,000.00 for medical expenses pursuant to the medical payments coverage under the policy.

22. Hartford was given timely notice of the underinsured/uninsured motorists claim and advised that a lawsuit was instituted against Ms. Valdez.

23. Plaintiffs Paul and Lenore Fann received and continue to receive medical treatment for their injuries.

24. Plaintiffs' injuries are of a permanent nature.

25. Defendant Hartford was notified that Plaintiffs' injuries were of a permanent nature.

26. Ms. Valdez' insurance carrier was notified of the claim and Plaintiffs allege that the policy was insufficient to cover their medical expenses and damages.

26. Defendant Hartford was given notice of the lawsuit against Ms. Valdez and requested to pay the amount of the underlying policy limits.

27. Defendant Hartford has not respond to the request that it pay the policy limits.

28. The accident also caused Plaintiffs to incur special and consequential damages, including mental and emotional distress, pain and suffering, and loss of enjoyment of life.

## IV. FIRST CLAIM FOR RELIEF
### (Underinsured Motorists Claim – Against Defendant Hartford)

29. Plaintiffs Paul and Lenore Fann hereby incorporate all previous allegations in their Complaint as if fully set forth herein.

30. Plaintiffs were insured by a contract of insurance issued by Defendant Hartford that included coverage for uninsured motorist claims.

31. Plaintiffs satisfied all requirements necessary to assert an underinsured motorist benefits claim under the policy of insurance issued by Defendant Hartford, including, but not limited to:

(a) Paying all insurance premiums in a timely fashion;

(b) Informing Defendant Hartford of the May 22, 2010 accident in a timely fashion;

(c) Providing all information required for Defendant to adjust and evaluate the claim, including medical records and the like;

(d) Advising Defendant Hartford that their damages exceeded the available policy limits in the underlying case;

4

  (e) requesting that Defendant pay the amount equal to the policy limits in the underlying claim

  32. Defendant Hartford was informed that a civil case was filed in state court.

  33. Defendant, the Hartford was obligated, pursuant to the contract of insurance to compensate Plaintiffs for their injuries, damages and losses sustained in the May 22, 2010 accident.

  34. Plaintiffs Paul and Lenore Fann are informed and believe that their claims for damages are within the available insurance policy limits of $250,000/$500,000 for the policy of insurance issued by Defendant Hartford.

  35. Plaintiffs seek to recover compensatory damages as lawfully recoverable pursuant to the terms of the applicable insurance contract with Defendant.  Plaintiffs also seek to recover emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, including as outlined herein above.  Plaintiffs are also seeking attorney's fees, costs, expert witness fees, and all other compensation as is lawfully recoverable.

  WHEREFORE, Plaintiffs Paul and Lenore Fann respectfully pray that this Court enter judgment in their favor and against Defendant Hartford Underwriters Insurance Company, as follows:

  1. For an amount of money damages to be proven at trial which will fully and fairly compensate the Plaintiffs for their injuries, damages, and losses;

  2. For costs, expenses (including expert witness fees) and attorney's fees;

  3. For pre- and post-judgment interest from May 20, 2010 for full satisfaction of judgment;

4.      For such other and further relief as the Court deems just and proper.

**A JURY TRIAL IS DEMANDED**

Dated this 22nd day of May, 2013.

                      NEMECHEK LAW GROUP, LLC


                      s/ Timothy L. Nemechek
                      Timothy L. Nemechek, #18555
                      6780 S. Emporia St.
                      Centennial, CO  80112
                      Phone: (303) 414-2200
                      ATTORNEY FOR PLAINTIFFS

**Plaintiffs' Address:**
Paul and Lenore Fann
8122 S. Quatar Circle
Aurora, CO 80016